UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**FABIAN BUTT (01-A-0100)**

                            **Plaintiff,**

-vs-                                                    07-CV-0112

**SIMMONS, ET AL.**

                            **Defendants**

---

### STIPULATION AND ORDER OF SETTLEMENT

WHEREAS, plaintiff, **FABIAN BUTT (01-A-0100)**, filed a Civil Action Complaint on 2/27/07 (Docket Item No. 1), in the above-captioned matter, alleging that the defendants, violated his constitutional, statutory and/or civil rights while housed at Gowanda Correctional Facility; and

WHEREAS the parties are interested in resolving all of the remaining issues alleged in the Complaint in this action, and have negotiated in good faith for that purpose; and

WHEREAS none of the parties to the above-captioned action is an infant or incompetent person; and

WHEREAS the parties to the above-captioned action are desirous of discontinuing the litigation;

IT IS HEREBY STIPULATED AND AGREED by and between the plaintiff and the defendants, as follows:

1. The parties hereby agree that the above-captioned action is dismissed and discontinued, with prejudice, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

2. Any and all claims for damages and injunctive relief by plaintiff that are the subject of this action, or that otherwise arise out of any of the incidents alleged in the plaintiff's Complaint, are hereby settled for the sum of **Forty Five Hundred dollars ($4,500.00)** in full satisfaction of all claims for injunctive relief, damages, costs, disbursements and legal fees.

3. The payment of the **Forty Five Hundred dollars ($4,500.00)** sum recited in paragraph 2 above shall be drawn to the order of plaintiff, **FABIAN BUTT (01-A-0100)** and mailed to the plaintiff at his resident correctional facility, currently Washington Correctional Facility, P.O.Box 180, 72 Lock 11 Lane Comstock, New York 12821-0180 for deposit in his facility/departmental account.

4. In consideration of the payment of the sum recited in paragraph 2 above the plaintiff, **FABIAN BUTT (01-A-0100)**, hereby releases the defendants and any and all current or former employees of the New York State Department of Correctional Services, in their individual and official capacities, and their heirs, executors, administrators and assigns, and the State of New York and the New York State Department of Correctional Services, from any and all claims, liabilities and causes of action related to or arising out of those claims and causes of action and claims of liability set forth in the Complaint, in the above-captioned action and/or occasioned by or arising out of the facts set forth in this action.

5. Nothing in this stipulation of settlement shall be construed as an admission or concession of liability whatsoever by the defendants, the State of New York, or by the New York State Department of Correctional Services regarding any of the allegations made by the plaintiff in his Complaint, including, but not limited to, any claims that the plaintiff's rights under the federal or New York State constitutions or statutes were violated. The defendants Simmons,

Bunn and Sobaszek expressly deny that they violated the plaintiff's rights or acted improperly in any manner.

6. Payment of the amount recited in paragraph 2 above is subject to the approval of all appropriate New York State officials in accordance with the provisions for indemnification under New York Public Officers Law §17, which approval will not be unreasonably withheld.

7. Payment of the amount recited in paragraph 2 above will be made within one hundred and twenty (120) days after the receipt by defendants' counsel of a copy of the fully executed so-ordered stipulation of settlement as approved by and entered by the Court. In the event that the aforesaid payment is not made within the one hundred and twenty (120) day period, interest shall accrue on the outstanding principal balance at the rate set forth in 28 U.S.C. § 1961, beginning on the one hundred and twenty first day after receipt by defendants' counsel of a copy of the fully executed so-ordered stipulation of settlement.

8. This stipulation of settlement and any orders entered thereon shall have no precedential value or effect whatsoever and shall not be admissible in any other action or proceeding as evidence or for any other purpose except in an action or proceeding to enforce this stipulation of settlement.

9. This stipulation and order of settlement embodies the entire agreement of the parties in this manner.

DATED:  Buffalo, New York  ANDREW M. CUOMO
        2/19, 2009          Attorney General of the State of
                            New York
                            Attorney for Defendants
                            BY: _____
                            DAVID J. STATE
                            Assistant Attorney General of Counsel
                            Main Place Towers
                            350 Main Street, Suite 300A
                            Buffalo, NY 14202
                            (716) 853-8566
                            David.State@oag.state.ny.us


DATED:  Comstock, New York  **FABIAN BUTT (01-A-0100)**
        _____, 2009    The Plaintiff
                            BY: _____
                            **FABIAN BUTT (01-A-0100)**


IT IS SO ORDERED.
ENTER:

February 25, 2009           _____
                            HONORABLE H. KENNETH SCHROEDER, Jr.
                            United States Magistrate Judge